IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, a Delaware Corporation, as Successor in Interest to RABO AGSERVICES, Inc., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 2:05-CV-314-J |
| TERRA XXI, LTD., ROBERT WAYNE VEIGEL, ELLA MARIE WILLIAMS VEIGEL, VEIGEL FARMS, INC., and VEIGEL CATTLE COMPANY, | § § § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION

Rabo AgriFinance has brought this diversity action to collect the unpaid balance on a farm loan secured by land in Deaf Smith County, Texas. Defendants have brought this *Motion for Abstention*, arguing that the Court should decline to exercise jurisdiction in favor of another action pending in state court concerning the same property. Rabo AgriFinance responded, claiming that abstention would not be appropriate because the two actions involve different loans.

## Background

In 1994, Farm Credit Bank, advanced two loans in amounts totaling $3 million to Defendants, (collectively "the Veigel/Terra XXI entities") secured by assets of Defendant Terra

XXI, including a deed of trust lien on certain properties in Deaf Smith County. Farm Credit Bank transferred its interest in the loans to First Ag Credit, and on June 23, 2004, First Ag Credit accelerated the loans after the Veigel/Terra XXI entities defaulted, leaving a total balance of $2,882,920.24. Subsequent to the default, Plaintiff Rabo AgriFinance purchased First Ag Credit's interest in the loans, and sought to collect from the Defendants. When their efforts were unsuccessful, they brought this diversity action ("Rabo I") in federal court to collect the balance due.

There is another action currently pending in the 222nd State District Court in Deaf Smith County, Texas, Cause No. CI-04B-011, that concerns many of the same parties and the same Deaf Smith County properties, but relates to completely different loans. This state action ("Rabo II") relates to a separate inferior lien on the property that was granted to another mortgage company, Ag Services of America, Inc., in consideration for a series of loans made between 1997 and 1999.[1] The Plaintiff in this action, Rabo AgriFinance, purchased this second lien on the property, as it had purchased the first lien, and foreclosed on the property when the Veigel/Terra XXI entities also defaulted on these loans. The state action was initiated by the Veigel/Terra XXI entities after the foreclosure in order to declare the foreclosure invalid and wrest title to the properties from Rabo AgriFinance.

## **Abstention**

The central contention of the Veigel/Terra XXI entities is that the Court should exercise its discretion to abstain in favor of the action in state court under the principles of *Colorado River Water Conservation District v. United States*, 414 U.S. 800, 813 (1976). *Colorado River* suggests

---

[1] Rabo brought a suit concerning the foreclosure on the same loan in federal district court, Cause No. 2:05-CV-243. The Court abstained from this case on June 5, 2006.

that a district court has discretion to abstain when "exceptional circumstances" exist. *Id.* at 813-14. However, the *Colorado River* abstention principles only apply to state and federal proceedings that are considered "parallel." *Diamond Offshore Co. v. A&B Builders*, 302 F.3d 531, 537 (5th Cir. 2002). The Fifth Circuit has interpreted the term "parallel" rigidly, determining it to meaning "having the same parties and the same issues."[2] *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990); *PPG Industries, Inc. v. Continental Oil. Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

The Rabo I and II actions cannot be considered parallel. While the parties in the state and federal actions are similar, the actions involve completely different sets of loans by completely different companies arising from completely different transactions. The issues bear no relation to each other save for the fact that the two loans concern the same property. The only passing

---

[2] The Veigel/Terra XXI entities assert that the Court should follow a different definition of "parallel." They contend that the proper rule should be phrased as follows: "If the state court action would preclude, under the doctrine of *res judicata*, a subsequent federal court action, then the two actions are parallel and the Colorado River analysis will be applied." In support, the Defendants cite a case from the Northern District of Illinois, *Ericksen v. Village of Willow Springs*, 876 F.Supp. 951 (N.D. Ill. 1995). This is a misstatement of the law followed in the 7th Circuit, and arguably a misrepresentation of the result in *Ericksen* itself. *See Caminiti & Iatarola, Ltd. v. Behnke*, 962 F.2d 698 (7th Cir. 1992) (stating the 7th Circuit rule as follows:"A 'suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum . . . .'")(citations omitted). Further, as noted above, it is not the rule in this Circuit.

More importantly, however, even if the Court followed this analysis, its result would not change. The parties in this would not be bound by any result in the state case under res judicata or collateral estoppel, because the two cases do not involve the same legal issues, or even the same loans. Res judicata bars every claim that was brought or should have been brought in a prior action from being asserted in a future action. *See Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 560 (5th Cir. 1983). However, Rabo would have been under no compulsion to bring its action on this loan when it was sued in the state action because the claims arose from completely different transactions. *See id.* at 560 n.4 (claims arise from the same "transaction" for res judicata purposes, and therefore should have been brought together, if they arise from the same "nucleus of operative facts"); *see also Howe v. Vaughan*, 913 F.2d 1138, 1144 (5th Cir. 1990). Likewise, collateral estoppel would not bar this action because the issues are not "identical" to any of those in the state action. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 868 (5th Cir. 2000).

similarity in parties they have is a result of the fact that Rabo AgriFinance purchased both loans from the unrelated companies that had originally contracted with the Veigel/Terra XXI entities.

The Defendants also argue that abstention is warranted because the Court could reach a determination of ownership to the Deaf Smith County Properties that might be in conflict with that of the state court.  Title is not at issue in this litigation - Rabo AgriFinance is simply attempting to collect on a loan, and has not yet foreclosed on the primary security interest in the Deaf Smith County properties obtained through these loans.

The Motion for Abstention is therefore DENIED.

It is SO ORDERED.

Signed this ___14th___ day of June, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**